**ESTATE OF Anna D. McKUSICK.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 15, 1993.
Decided July 29, 1993.

Marvin H. Glazier, Bangor, for appellant.

Lawrence E. Merrill, Bangor, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Llewellyn E. Small appeals from a Penobscot County Probate Court (*Smith, J.*) order declaring a deed from his aunt, Anna D. McKusick, to be void and dismissing his petition for formal probate of her 1991 will. Because the execution of both the deed and the 1991 will violated the provisions of a valid joint will and agreement previously executed by Anna McKusick and her late husband, Harl McKusick, we affirm the judgment.

On March 1, 1978, Anna McKusick and her husband, Harl McKusick, executed a joint will and supporting agreement providing that all property owned by either of them, and all property owned in joint tenancy with each other, would pass to the survivor and, at the death of the survivor, such property would pass to Harl's two daughters from a previous marriage.[1] The will and the agreement also provided that neither party would alter, amend, or revoke any provision of either document without the written consent of the other. At the time the will and agreement were executed, Harl and Anna McKusick owned certain real estate located in Dexter, Maine as joint tenants. On February 12, 1987, after Harl's death, Anna deeded the property to herself, Llewellyn E. Small, and Small's wife, Frances C. Small, as joint tenants. On July 2, 1991, Anna McKusick executed another will, devising the bulk of her estate

---

1. The agreement excluded any property owned by Anna or Harl in joint tenancy with others.

to the Smalls. Anna McKusick died on July 8, 1991. She was survived by Harl McKusick's two daughters who offered the 1978 joint will for probate.

Small argues that Anna McKusick was free to dispose of the land that she had held with her husband in joint tenancy because, on Harl's death, that property did not become part of his estate and thus was not subject to the restrictions of the joint will. Although it is true that on her husband's death Anna acquired exclusive legal title to the property by operation of her deed rather than through her husband's estate, Anna was not free to dispose of that property. She had relinquished that right when she and her husband executed the joint will and supporting agreement in which she agreed that the balance of Harl's estate, the Dexter property and Anna's entire estate [2] would pass to Harl's daughters on her death. The preamble to the agreement makes clear that it was intended to cover the Dexter property owned by the parties in joint tenancy:

> [T]he Husband wishes to leave his entire estate to the Wife to provide for her comfortable support and maintenance after his death and after her death to leave such estate *and all property owned by them in joint tenancy* but not any property owned by either of them in joint tenancy with any other person to the children of the Husband.

(Emphasis added.)

The Probate Court did not err in finding that the joint will and agreement impressed a trust on the deeded property. *See Brickley v. Leonard,* 129 Me. 94, 98, 149 A. 833 (1930); 94 C.J.S. *Wills* § 117(b) (1956).

Small also argues that the 1991 will should have been admitted to probate because it was properly prepared and self-proved in accordance with 18–A M.R.S.A. § 2–504 (1981), and the joint will did not govern the disposition of property acquired by Anna McKusick after her husband's death. Even assuming that the 1991 will was self-proved in accordance with 18–A M.R.S.A. § 2–504,[3] it should not have been admitted to probate because Anna McKusick already had a valid, unrevoked will that provided for the distribution of her entire estate to Harl's daughters. The provisions of the joint will, both by its terms and by the terms of the agreement pursuant to which it was entered into, could not be altered or revoked except with the written consent of Harl McKusick.

The entry is:

Judgment affirmed.

ROBERTS, GLASSMAN and RUDMAN, JJ., concurring.

WATHEN, Chief Justice, with whom COLLINS, Justice, joins, dissenting.

I respectfully dissent. I agree with the Court that the joint will and the agreement provide a proper basis for imposing a trust on the deeded property. In order to prevent unfairness, we provide an equitable remedy and construe the agreement as binding the property but not the testator. *Brickley v. Leonard,* 129 Me. 94, 98, 149 A. 833 (1930). I do not agree, however, that the agreement invalidates the later will signed by Anna D. McKusick in 1991.[4] If she acquired property from a source independent of her husband, that property would not necessarily be subject to the equitable trust and could pass under her later will. In the present case, we do not know whether there is other property, nor do we know its source. The 1991 will should have been admitted to probate so

---

**2.** Property owned immediately prior to death in joint tenancy with another is not included in the decedent's estate. *Poulson v. Poulson,* 145 Me. 15, 70 A.2d 868 (1950); 18–A M.R.S.A. § 6–104.

**3.** This is questionable because the required affidavit of one of the witnesses was made before the witness's husband, and "a notary public shall not perform any notarial act for any person if that person is the notary public's spouse. . . ." 4 M.R.S.A. § 954–A (1989).

**4.** The Probate Code limits the methods of proving contracts concerning succession (18–A M.R.S.A. § 2–701 (1981)), but it does not address the effect of such a contract or any means of enforcement other than that previously described in *Brickley.*

that the extent of her estate could be developed.